DARYOUSH TOOFANIAN, ESQ.
BAR NO. 24039801
RAD LAW FIRM
12900 PRESTON RD., SUITE 900
DALLAS, TEXAS 75230
PH: 972-661-1111
FAX:  972-661-3537
DTOOFANIAN@RADLAWFIRM.COM

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALFREDO TORRES | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | Civil Action No. cv-17-289 |
| | § | |
| STEVE KENT TRUCKING, INC., AND | § | |
| JACOBY HOOPER | § | JURY REQUESTED |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** ALFREDO TORRES, hereinafter called Plaintiff, complaining of and about STEVE KENT TRUCKING, INC., and JACOBY HOOPER and for cause of action would show unto the Court the following:

### I.  PARTIES AND SERVICE

1. Plaintiff Alfredo Torres is an individual who resides in Dallas County, Texas.

2. Defendant Steve Kent Trucking, Inc., is a corporation organized under the laws of the State of Lousiana and is a citizen of the state of Louisiana and resides in Louisiana. Service of process on the Defendant may be effected by serving the registered agent of the corporation, **Towns and Hageman, at 1301 Nueces St., Suite 102, Austin, Texas 78701,** its registered office.

Service of said Defendant as described above can be effected by personal delivery.

3. Defendant Jacoby Hooper is a citizen of and resides in the state of Louisiana. This Defendant can be served with process at his residence at **1426 State Street, Shreveport Louisiana, 71108**, or wherever he may be found.

## II. JURISDICTION AND VENUE

4. This case is properly filed in United States District Court pursuant to 28 U.S.C. §1332(a) because this suit involves a controversy between citizens of different states. Plaintiff resides in and is a citizen of the state of Texas, the entity Defendant's principal place of business is Louisiana and Defendant is a citizen of the state of Louisiana, the individual Defendant resides in and is a citizen of Louisiana. As such, these parties are completely diverse. Additionally, each Defendant purposefully availed itself to this Court's jurisdiction as it has significant business contacts with Texas, including maintaining offices in Texas and transacting business in Texas. The amount in controversy in this case exceeds $75,000.00 exclusive of costs and interest.

5. The Western District of Texas – San Antonio Division is the proper venue for this action as Steve Kent Trucking at all times material, maintained its Texas operations in the Western District.

## IV. FACTS

6. On April 17, 2015, Plaintiff was severely injured when he was involved in a motor vehicle collision with one of Defendant's trucks. The collision occurred in Desoto, Louisiana, when Hooper, who was in the course and scope of his employment with Steve Kent, backed out of a private drive and onto a roadway and caused the collision between the trailer of his tractor trailer and the tractor of Torres' vehicle. Torres was proximately caused injuries by the impact.

## V. LIABILITY

7. In this petition when any allegation is made, it is made in addition to and in the alternative to every other allegation contained herein.

8. Steve Kent is liable for Hooper's acts and omissions because Hooper was in the course and scope of his employment with Steve Kent at the time of the collision. Hooper was driving under Steve Kent's DOT number and was additionally Steve Kent's statutory employee.

9. Hooper was ordinarily and grossly negligent for the following reasons:

   A. He failed to keep a proper lookout.

   B. He failed to yield right of way.

   C. He entered the roadway when unsafe.

   D. He failed to provide proper notice of backing up.

   E. He backed up improperly.

   F. He failed to pay requisite attention.

10. Steve Kent was additionally negligent in its hiring and retention of Hooper, in failing to provide adequate policies and procedures, and failing to provide Hooper with a safe vehicle.

11. The foregoing acts and omissions proximately caused Plaintiff's damages.

## VI. DAMAGES FOR PLAINTIFF, ALFREDO TORRES

12. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff was caused to suffer grievous bodily injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

13. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered:

    A.       Reasonable medical care and expenses in the past.

    B.       Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    C.       Physical pain and suffering in the past;

    D.       Mental anguish in the past;

    E.       Physical pain and suffering in the future;

    F.       Mental anguish in the future;

    G.       Physical impairment in the past;

    H.       Physical impairment which, in all reasonable probability, will be suffered in the future;

    I.       Loss of earning capacity which will, in all probability, be incurred in the future;

    J.       Disfigurement in the past;

    K.       Disfigurement in the future;

    L.       Fear of future disease or condition; and

    M.       Cost of medical monitoring and prevention in the future.

14. By reason of the above, Plaintiffs, ALFREDO TORRES has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, ALFREDO TORRES, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with

pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

>Respectfully submitted,
>**RAD LAW FIRM**
>By: s/ Daryoush Toofanian
>DARYOUSH TOOFANIAN
>Texas Bar No. 24039801
>12900 Preston Rd. Ste. 900
>Dallas, Texas  75230
>Tel. (972)661-1111
>Fax. (972)661-3537
>Email: dtoofanian@radlawfirm.com
>**ATTORNEY FOR PLAINTIFF**

**Plaintiff Requests a Trial by Jury**